| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>**CIVIL MINUTES – GENERAL** | JS-6 |

| Case No. | 2:21-cv-04892-VAP-KSx | Date | August 3, 2021 |
|---|---|---|---|

| Title | *Neal F. Morrow v. Union Pacific Railroad Company* |
|---|---|

Present: The Honorable    VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   MINUTE ORDER GRANTING MOTION TO REMAND (DKT. 13-1) (IN CHAMBERS)

On July 6, 2021, Plaintiff Neal F. Morrow III filed a Motion to Remand. (Mot., Dkt. 13-1.) Defendant Union Pacific Railroad Company opposes the Motion. (Opp'n, Dkt. 14.) The Court finds this matter appropriate for resolution without hearing pursuant to Local Rule 7-15. Having considered all papers filed in connection with the Motion, the Court **GRANTS** the Motion.

The present action was initiated in the Superior Court of California, County of Los Angeles, No. 21STCV16510 on May 3, 2021. (Compl., Dkt. 2-1.) On May 17, 2021 Plaintiff served Defendant with the Summons and Complaint. (Dkt. 2-2.) Thereafter, Defendant removed the action to this Court. (Dkt. 2.) As reflected on the Court's docket, Defendant's Notice of Removal was filed on June 23, 2021. (*Id.*) Plaintiff now seeks to remand the action to the Superior Court on the sole ground that the Notice of Removal was untimely filed pursuant to 28 U.S.C. § 1446(b). (*See* Mot.)

28 U.S.C. § 1446(b) provides in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." The thirty-day time

limit to file a notice of removal is "mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3731 (4th ed. 2021) (observing that "[t]he two 30-day time limitations in Section 1446 are mandatory" and "must be measured strictly applying the general computation principles set out in Federal Rule of Civil Procedure 6"). Here, the parties do not dispute that service of the Summons and Complaint was completed on May 17, 2021 and that accordingly Defendant's Notice of Removal was required to be filed by June 16, 2021. As the Notice of Removal was filed on June 23, 2021, Plaintiff argues remand is required. (*See* Dkt. 2.)

Defendant responds that it timely submitted the Notice of Removal and exhibits on June 16, 202 via the Court's ECF filing system. (Opp'n at 2–3.) Defendant submits the declaration of its paralegal, which states that "when [she] submitted the documents to the Court, it appeared to [her] that the documents were successfully filed." (Dkt. 14-1 ¶ 4.) Although the Court's docket reflects that a case was opened on that date, no initiating document was filed. (*See* Dkts. 1, 2.) The Clerk of the Court subsequently entered a notice stating, *inter alia*, that the filer "failed to upload successfully the required PDF version of any initiating document, such as a complaint or notice of removal." (Dkt. 1.) Defendant then filed the Notice of Removal the following day, June 23, 2021. (*See* Dkt. 2.)

Defendant relies on two cases, *Total Energy Corp. v. Stolt*, 334 F. Supp. 2d 413 (S.D.N.Y. 2004) and *Grover v. Comdial Corp.*, 275 F. Supp. 2d 750 (W.D. Va. 2003), to persuade the Court that its Notice of Removal should be deemed timely under the present circumstances. (Opp'n at 4–5.) Both cases are distinguishable, however. In *Total Energy*, the clerk's office timely received the defendant's notice of removal, but defendant failed to include the proper civil cover sheet. 334 F. Supp. 2d at 414. The court deemed the notice timely filed as the issue was non-compliance with the Local Rules, which the court had the authority to excuse, and not the absence of the notice itself, as here. *Id.* And in *Grover*, the defendant attempted to timely file within the prescribed time frame but was unable to do so because the courthouse was closed due to weather conditions. 275 F. Supp. 2d at 753.

To the extent Defendant is arguing as in *Grover* that its failure to file is not attributable to its own actions or omissions but rather the Court's, the Court is not persuaded. The paralegal's declaration that it "appeared to [her]" that the filing was complete is not a sufficient showing that a Court error, *e.g.* a malfunction with the ECF filing system, rather than Defendant's failure to see the filing through to completion, caused the untimely filing of the Notice. *See Gallardo v. First Horizon Home Loans*, No. CV-20-00889-PHX-MTLx, 2020 WL 3414711, at *2 (D. Ariz. June 22, 2020) (rejecting

defendant's argument that technical error prevented timely filing of petition for removal where the court could not conclude that defendant completed all the steps necessary for electronic filing); *Hutchinson v. Marquee Fiduciary Advisors, LLC*, No. CV-13-01037-PHX-GMSx, 2013 WL 3895023, at *2 (D. Ariz. July 29, 2013) (declining to find notice of removal constructively filed on date of attempted filing where defendant did not provide facts sufficient for a determination that "it had followed all necessary procedures and actually submitted the Notice of Removal, only to be thwarted by a fault in the Court's electronic filing system"); *Stone St. Cap., Inc. v. McDonald's Corp.*, 300 F. Supp. 2d 345, 349 (D. Md. 2003) (rejecting argument that notice of removal was constructively filed within the statutory period where "other than counsel's declaration, there is no evidence of the attempted filing in a form verifiable by the court or opposing counsel").

      As the Notice of Removal was untimely filed after the statutorily prescribed time period and Defendant presents no grounds on which the Court could deem the Notice timely, the Court **GRANTS** the Motion and remands the case to the Superior Court for the County of Los Angeles.

      **IT IS SO ORDERED.**